# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 18 B 02860 |
| Robbin Fulton, ) | HON. JACK B. SCHMETTERER |
| ) | CHAPTER 13 |
| ) | |
| DEBTOR. ) | |

## NOTICE OF MOTION

TO:  Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe St. STE 3850, Chicago, IL 60603, via electronic court notification;

David Holtkamp, Counsel for the City of Chicago, Department of Law, 121 N. LaSalle St., Ste. 400, Chicago, Illinois 60602;

Harris & Harris, C/O City of Chicago, 111 W. Jackson Blvd., Suite 600, Chicago, IL 60604

City of Chicago, P.O Box 71429, Chicago, IL 60694;

Anna Valencia, City Clerk, 121 N. LaSalle Street, Room 107, Chicago, IL 60602;

See attached Service List.

Please take notice that on May 9, 2018, at 10:00 a.m., I shall appear before the Honorable Judge Schmetterer in Courtroom 682 in the Federal Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois and present the attached motion and you may appear if you so choose.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he transmitted a copy of their notice and the attached motion to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 20 S. Clark Street, Chicago, IL 60603 on May 2, 2018.

*/s/ John Wonais*
Attorney for Debtor

The Semrad Law Firm, LLC
20 S. Clark Street, 28th Floor
Chicago, IL 60603
(312) 256-8516

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 18 B 02860 |
| Robbin Fulton, ) | HON. JACK B. SCHMETTERER |
| ) | CHAPTER 13 |
| ) | |
| DEBTOR. ) | |

**MOTION FOR SANCTIONS AND TURNOVER**

NOW COMES the Debtor, Robbin Fulton, by and through Debtor's attorneys, The Semrad Law Firm, LLC, and moves ther Honorable Court to enter an order for sanctions and turnover against the City of Chicago and state as follows:

1. That this Court has jurisdiction pursuant to 11 U.S.C. §362.

2. That on December 24, 2017, Debtor's vehicle, a 2015 Kia Soul ("Vehicle"), plate number AF23241, was towed and impounded by the City of Chicago.

3. That Consumer Portfolio SVC is a lienholder on Debtor's Vehicle and owed approximately $11,934.44.

4. That upon Debtor's vehicle being impounded. Debtor promptly notified Consumer Portfolio SVC of said impound but was informed that they would not be retrieving the Vehicle from the impound.

5. That to retrieve the Vehicle from the impound, the City of Chicago demanded the Debtor to pay approximately $4,000.00 which she could not afford.

6. That on January 31, 2018, the Debtor filed a petition for relief pursuant to Chapter 13, Title 11 of the United States Code.

7. That the Debtor properly listed the City of Chicago as a creditor on her bankruptcy schedules.

8. That on February 3, 2018, the Clerk of the Court sent notice of Debtor's bankruptcy filing to all creditors including the City of Chicago. *See* Exhibit A.

9. That on February 5, 2018, Debtor filed a Chapter 13 plan treating the City of Chicago as a general unsecured creditor.

10. That on February 8, 2018, the Clerk of the Court sent notice of Debtor's plan to all creditors including the City of Chicago. *See* Exhibit B.

11. That on February 23, 2018, the City of Chicago filed a general unsecured proof of claim in the amount of $9,391.20. *See* Exhibit C.

12. That upon information and belief, a significant portion of the alleged parking ticket debt owed to the City of Chicago accrued as a result of her ex-husband obtaining vehicles under the Debtor's name without her knowledge. Debtor at no time drove these vehicles nor received notice of any tickets related to these vehicles.

13. That on March 21, 2018, Debtor's Modified Chapter 13 Plan was confirmed, *see* Exhibit D, which treated the City of Chicago as a general unsecured creditor.

14. That the City of Chicago did not object to said plan nor filed any motions before this Court.

15. That upon confirmation, Debtor's counsel demanded release of Debtor's vehicle from the City of Chicago but was advised that they would not release the vehicle unless the Debtor modifies her plan to treat their claim in full as a secured creditor with a 60 month set payment.

16. That on March 27, 2018, right after Debtor's counsel demanded release of Debtor's vehicle, the City of Chicago amended their proof of claim to add impound fees and change their claim from unsecured to secured with a total claim of $11,831.20.

17. That to date, the City of Chicago has not released Debtor's vehicle and failed to file any motion before the Court.

18. That rather than following the Seventh Circuit's holding in *Thompson v. General Motors Acceptance Corporation, LLC,* 566 F.3d 699 (7th Cir. 2009)("*Thompson*")*,* the City of Chicago has apparently taken the position that the opinion of Judge Cassling in *In re Avila*, 566 B.R.5588 (Bankr. N.D. Ill. 2017) is binding authority in all bankruptcy courts in the Northern District of Illinois, and therefore does not require them to turnover impounded vehicles nor participate in bankruptcy proceedings altogether.

19. It is well established that the Bankruptcy Code (hereinafter "Code") "requires that a creditor immediately return a seized asset in which a debtor has an equity interest to the debtor's estate upon her filing of Chapter 13 bankruptcy." *Thompson*, 566 F.3d at 700. Further, Section 542(a) of the Code mandates that "turnover of a seized asset is compulsory." *Id*. at 704. "The failure to fulfill ther duty, regardless of whether the original seizure was lawful, constitutes a prohibited attempt to 'exercise control over property of the estate' in violation of the automatic stay." *Knaus v. Concordia Lumber Co., Inc*., 889 F.2d 773, 775 (8th Cir.1989) ("*In re Knaus*").

20. Therefore, the automatic stay prevents creditors from taking any action to collect on their debt including the holding of a vehicle post-petition absent taking any action in the bankruptcy proceeding. *In re Radcliffe*, 563 F.3d 627, 630 (C.A.7 2009).

21. Additionally, pursuant to Judge Cox's recent opinion in *In Re Howard,* case 17-bk-08656, the City of Chicago is bound by the terms of the confirmed plan, must return Debtor's Vehicle according to *Thompson,* and does not obtain a possessory lien.

22. The City of Chicago has not filed an emergency motion for relief nor any motion before

this court.

23. That the City of Chicago's failure to release Debtor's vehicle constitutes a violation of the Automatic Stay enumerated in 11 U.S.C. §362(a) and runs afoul of the holding in *Thompson.*

24. The City of Chicago is not irreparably harmed nor are their substantive rights being modified or impaired by the automatic stay. Like thousands of other creditors, the City of Chicago is afforded various remedies under the Code and have failed to utilize them or take any action in this case.

25. Debtor respectfully requests this Court to enter an order requiring the City of Chicago to immediately release Debtor's vehicle.

26. At all times relevant hereto, Debtor has done nothing to provoke the City of Chicago to continue to hold Debtor's vehicle.

WHEREFORE, Debtor, Robbin Fulton, prays this Honorable Court for the following relief:

A.   That this Honorable Court enter an Order directing the City of Chicago to turn over the 2015 Kia Soul to the Debtor; and

B.   For any further relief as the Court may deem fair and proper.

Respectfully Submitted,

*/s/ John Wonais*
Attorney for Debtor
The Semrad Law Firm, LLC
20 S. Clark Street, 28th Floor
Chicago, IL 60603
(312) 256-8516